**SIGNED THIS: February 16, 2006**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DEREK M. PHILLIPS and | ) Bankruptcy Case No. 04-91842 |
| LORA M. PHILLIPS, | ) |
| | ) |
| Debtors. | ) |

OPINION

This matter having come before the Court on a Motion for Turnover filed by Trustee, Glen R. Barmann, and Objection to Trustee's Motion for Turnover filed by the Debtors; the Court, having reviewed the pleadings before it and written memoranda of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. The Debtors initially filed for relief under Chapter 13 of the Bankruptcy Code on June 2, 2004, at which time the Debtors listed, on Schedule B of their Petition, a $60,000 vested interest in a 401(k) pension plan held for Debtor, Lora M. Phillips, by her employer at the time.

2. On June 6, 2005, being unable to complete their Chapter 13 Plan of Reorganization, the Debtors converted their Chapter 13 bankruptcy to one under Chapter 7 of the Bankruptcy Code.

3. Prior to the conversion to Chapter 7, on or about May 11, 2005, Debtor, Lora M. Phillips, terminated her interest in her 401(k) pension plan and received a gross distribution of $56,535, with net proceeds of $45,228.

4. Following receipt of the distribution from the 401(k) pension plan, the Debtors purchased a 2003 Chrysler Town and Country Van, for $19,500, and a 1993 Lincoln Town Car for the sum of $4,963.94. These purchases were disclosed at the Section 341 Meeting of Creditors of the Debtors on July 13, 2005. The remaining sum from the 401(k) distribution, in the amount of $20,764.06, was retained by the Debtors, in cash, following the purchase of the aforesaid vehicles.

5. On November 15, 2005, Trustee, Glen R. Barmann, filed a Motion for Turnover seeking an order directing the Debtors to turn over the sum of $20,764.06, together with the 2003 Chrysler Town and Country Van and the 1993 Lincoln Town Car, alleging that these assets were no longer exempt, and that, as such, they should be turned over to the Trustee for administration as an asset of the Debtors' bankruptcy estate.

6. On November 16, 2005, the Debtors filed the Objection to Trustee's Motion for Turnover, in which they asserted that the vehicles in question and the $20,764.06 in cash were exempt as assets traceable to the 401(k) pension proceeds which the Debtors were claiming as exempt pursuant to the Illinois Exemption Statutes.

Conclusions of Law

A hearing was held on December 16, 2005, on the Trustee's Motion for Turnover and the Debtors' Objection to Trustee's Motion for Turnover, at which time the parties were given an opportunity to further research the matter. A continued hearing was held on January 12, 2006, at which time the parties were given an additional 30 days to submit written briefs in support of

their respective positions. The Court has now had an opportunity to review the authorities submitted by the parties, and finds that the matter is ripe for adjudication.

Pursuant to 735 ILCS 5/12-1006, a debtor can exempt his or her interest in assets held in a retirement plan that is intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code of 1986. However, the Trustee asserts that, once those funds are removed voluntarily from a qualified retirement plan and are thus freely usable for current consumption, those funds and items purchased with those funds are no longer exempt. In support of his position, the Trustee cites In re Schoonover, 331 F.3d 575 (7th Cir. 2003), and In re Weinhoeft, 275 F.3d 604 (7th Cir. 2001), for the proposition that, once assets become freely usable for current consumption, they can no longer be claimed as exempt a tax qualified retirement plan.

A careful review of the authority cited by the Trustee leads the Court to conclude that the Trustee's position is correct and that the vehicles subject to the Trustee's Motion for Turnover and the cash in the sum of $20,764.06 are no longer assets subject to exemption as a qualified retirement fund pursuant to 735 ILCS 5/12-1006. Additionally, the Court finds that the authorities submitted by the Debtors is not persuasive, and, in light of the fact that the Court has been unable to locate any authority contrary to that cited by the Trustee, it is the Court's opinion that the Trustee's Motion for Turnover must be allowed.

###